

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA           :      **INDICTMENT**

   - v. -                          :      08 Cr.

YUSEF SHABAZZ,                     :
JACQUELINE MASON,
  a/k/a "Carolyn James,"           :
DAMIEN HALL,
  a/k/a "Damian Hall,"             :
  a/k/a "Cory James," and
DAVID HALL,                        :
  a/k/a "Carl James,"
                                   :
       Defendants.
                                   :
- - - - - - - - - - - - - - - - - -X

**08 CRIM 708**

COUNT ONE

(Narcotics Conspiracy)

The Grand Jury charges:

**Background**

    1.   Oxycodone, commonly known as "OxyContin," is a prescription painkiller that is derived from opium and is typically prescribed to relieve moderate to severe pain. OxyContin is listed as a Schedule II controlled substance and is frequently sold on the street as a substitute for illegal narcotics, including heroin.

    2.   During at least the first quarter of 2008, 80-milligram tablets of OxyContin sold for approximately $30 to $40 each on the illicit drug market in the New York City area.

3.  Hydromorphone, commonly known as "Dilaudid," is a prescription painkiller and is typically prescribed to relieve moderate to severe pain. A semi-synthetic opioid that is refined from morphine, Dilaudid is listed as a Schedule II controlled substance. Dilaudid is frequently sold on the street as a substitute for illegal narcotics, including heroin.

4.  During at least the first quarter of 2008, four-milligram tablets of Dilaudid sold for approximately $15 to $20 each on the illicit drug market in the New York City area.

5.  At all times relevant to this Indictment, YUSEF SHABAZZ, JACQUELINE MASON, a/k/a "Carolyn James," DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James," and DAVID HALL, a/k/a "Carl James," the defendants, resided in or frequented locations in the New York City area, including Manhattan and Yonkers.

### The Conspiracy

6.  From at least in or about May 2005 through on or about July 1, 2008, YUSEF SHABAZZ, JACQUELINE MASON, a/k/a "Carolyn James," DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James," and DAVID HALL, a/k/a "Carl James," the defendants, and others known and unknown, were involved in a conspiracy to obtain fraudulently and distribute illegally powerful prescription painkillers, including OxyContin and Dilaudid.

7.  In furtherance of the conspiracy, YUSEF SHABAZZ, JACQUELINE MASON, a/k/a "Carolyn James," DAMIEN HALL, a/k/a

"Damian Hall," a/k/a "Cory James," and DAVID HALL, a/k/a "Carl James," the defendants, would "doctor shop" by visiting multiple doctors in the New York City area from whom they would obtain prescriptions for large quantities of OxyContin and Dilaudid in their own names and using aliases. MASON, DAMIEN HALL and DAVID HALL would also use Social Security numbers belonging to other people when they obtained prescriptions for OxyContin.

8. In furtherance of the conspiracy, YUSEF SHABAZZ, the defendant, would transport JACQUELINE MASON, a/k/a "Carolyn James," DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James," and DAVID HALL, a/k/a "Carl James," the defendants, to pharmacies in the New York City area at which fraudulently obtained prescriptions for OxyContin and Dilaudid were filled. MASON, DAMIAN HALL and DAVID HALL would turn over filled prescriptions to SHABAZZ, who would pay them cash in exchange.

### Statutory Allegation

9. From at least in or about May 2005 through on or about July 1, 2008, in the Southern District of New York and elsewhere, YUSEF SHABAZZ, JACQUELINE MASON, a/k/a "Carolyn James," DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James," and DAVID HALL, a/k/a "Carl James," the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

3

10.  It was a part and an object of the conspiracy that YUSEF SHABAZZ, JACQUELINE MASON, a/k/a "Carolyn James," DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James," and DAVID HALL, a/k/a "Carl James," the defendants, and others known and unknown, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, Oxycodone, commonly known as "OxyContin," a Schedule II controlled substance, and Hydromorphone, commonly known as "Dilaudid," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C).

11.  It was further a part and an object of the conspiracy that YUSEF SHABAZZ, JACQUELINE MASON, a/k/a "Carolyn James," DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James," and DAVID HALL, a/k/a "Carl James," the defendants, unlawfully, intentionally, and knowingly would and did acquire and obtain possession of a controlled substance, to wit, Oxycodone, commonly known as "OxyContin," a Schedule II controlled substance, and Hydromorphone, commonly known as "Dilaudid," a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of Title 21, United States Code, Section 843(a)(3).

**Overt Acts**

      12.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

          a.    On or about August 15, 2007, YUSEF SHABAZZ, the defendant, drove to a doctor's office in Manhattan, New York.

          b.    On or about August 15, 2007, DAVID HALL, a/k/a "Carl James," the defendant, obtained a prescription for OxyContin from a doctor in Manhattan, New York.

          c.    On or about January 24, 2008, SHABAZZ drove to a doctor's office in Manhattan, New York.

          d.    On or about January 24, 2008, DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James," the defendant, obtained a prescription for Dilaudid from a doctor in Manhattan, New York.

          e.    On or about January 24, 2008, SHABAZZ drove DAMIEN HALL to a pharmacy in Yonkers, New York.

          f.    On or about March 28, 2008, SHABAZZ drove DAMIEN HALL and DAVID HALL to a pharmacy in Yonkers, New York.

          g.    On or about July 1, 2008, JACQUELINE MASON, a/k/a "Carolyn James," the defendant, obtained a prescription for Dilaudid from a doctor in Manhattan, New York.

          h.    On or about July 1, 2008, SHABAZZ drove MASON to a pharmacy in Yonkers, New York.

      (Title 21, United States Code, Section 846.)

## COUNTS TWO THROUGH FOUR

(OxyContin Distribution)

The Grand Jury further charges:

13. The allegations in paragraphs 1 through 8 and 12 above are re-alleged and incorporated by reference as though fully set forth herein.

14. On or about the dates set forth below, in the Southern District of New York and elsewhere, the defendants listed below, unlawfully, intentionally and knowingly, distributed and possessed with intent to distribute a controlled substance, to wit, 80-milligram tablets of Oxycodone, commonly known as "OxyContin," a Schedule II controlled substance, in the amounts listed below:

| COUNT | DEFENDANTS | APPROXIMATE DATE | QUANTITY OF OXYCONTIN |
|---|---|---|---|
| TWO | YUSEF SHABAZZ<br><br>DAVID HALL, a/k/a "Carl James" | August 15, 2007 | 120 80-milligram tablets |
| THREE | DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James" | January 10, 2006 | 150 80-milligram tablets |
| FOUR | JACQUELINE MASON, a/k/a "Carolyn James" | January 18, 2008 | 90 80-milligram tablets |

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C); Title 18 United States Code, Section 2.)

6

## COUNTS FIVE THROUGH SEVEN

(Dilaudid Distribution)

The Grand Jury further charges:

15. The allegations in paragraphs 1 through 8 and 12 above are re-alleged and incorporated by reference as though fully set forth herein.

16. On or about the dates set forth below, in the Southern District of New York and elsewhere, the defendants listed below, unlawfully, intentionally and knowingly, distributed and possessed with intent to distribute a controlled substance, to wit, 4-milligram tablets of Hydromorphone, commonly known as "Dilaudid," a Schedule II controlled substance, in the amounts listed below:

| COUNT | DEFENDANTS | APPROXIMATE DATE | QUANTITY OF DILAUDID |
|---|---|---|---|
| FIVE | YUSEF SHABAZZ<br><br>DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James" | March 28, 2008 | 360 4-milligram tablets |
| SIX | YUSEF SHABAZZ<br><br>DAVID HALL, a/k/a "Carl James" | March 28, 2008 | 360 4-milligram tablets |
| SEVEN | YUSEF SHABAZZ<br><br>JACQUELINE MASON, a/k/a "Carolyn James" | July 1, 2008 | 360 4-milligram tablets |

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C); Title 18 United States Code, Section 2.)

7

**COUNTS EIGHT THROUGH TWELVE**

(Fraudulent Prescriptions)

17. The allegations in paragraphs 1 through 8 and 12 above are re-alleged and incorporated by reference as though fully set forth herein.

18. On or about the dates set forth below, in the Southern District of New York and elsewhere, the defendants listed below, unlawfully, intentionally, and knowingly acquired and obtained possession of controlled substances, to wit, Oxycodone, commonly known as "OxyContin," a Schedule II controlled substance, and Hydromorphone, commonly known as "Dilaudid," a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, to wit, the defendants listed below provided the below-listed false names to physicians to obtain prescriptions for OxyContin and Dilaudid:

| COUNT | DEFENDANT | APPROXIMATE DATE | FALSE NAME | CONTROLLED SUBSTANCE |
|---|---|---|---|---|
| EIGHT | JACQUELINE MASON, a/k/a "Carolyn James" | December 19, 2007 | Carolyn James | OxyContin |
| NINE | DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James" | February 9, 2006 | Cory James | OxyContin |
| TEN | DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James" | June 27, 2005 | Cory James | Dilaudid |

| ELEVEN | DAVID HALL, a/k/a "Carl James" | January 23, 2006 | Carl James | OxyContin |
| TWELVE | DAVID HALL, a/k/a "Carl James" | May 23, 2005 | Carl James | Dilaudid |

(Title 21, United States Code, Section 843(a)(3); Title 18, United States Code, Section 2.)

## COUNTS THIRTEEN THROUGH FIFTEEN

(Fraudulent Use of Social Security Numbers)

19. The allegations in paragraphs 1 through 8 and 12 above are re-alleged and incorporated by reference as though fully set forth herein.

20. On or about the dates set forth below, in the Southern District of New York and elsewhere, the defendants listed below, unlawfully, willfully, knowingly and with intent to deceive, for the purpose of obtaining a thing of value from a person, and for another purpose, did falsely represent a number to be the Social Security account number assigned by the Commissioner of Social Security to him or her and to another person, when in fact such number was not the Social Security account number assigned by the Commissioner of Social Security to him or her and to another person, to wit, the below-listed defendants used Social Security numbers that in fact were not the Social Security numbers assigned to them to obtain prescriptions for OxyContin:

| COUNT | DEFENDANT | APPROXIMATE DATES |
|---|---|---|
| THIRTEEN | JACQUELINE MASON, a/k/a "Carolyn James" | November 2005 to January 2008 |
| FOURTEEN | DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James" | November 2005 to August 2007 |
| FIFTEEN | DAVID HALL, a/k/a "Carl James" | November 2005 to August 2007 |

(Title 42, United States Code, Section 408(a)(7)(B); Title 18, United States Code, Section 2.)

FORFEITURE ALLEGATION

21. As a result of committing one or more of the offenses alleged in Counts One through Fifteen herein, YUSEF SHABAZZ, JACQUELINE MASON, a/k/a "Carolyn James," DAMIEN HALL, a/k/a "Damian Hall," a/k/a "Cory James," and DAVID HALL, a/k/a "Carl James," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting and derived from any proceeds the said defendant obtained directly or indirectly as a result of the offenses alleged in Counts One through Fifteen of this Indictment, including, but not limited to, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the charged offenses.

10

## Substitute Assets Provision

22. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant--

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**YUSEF SHABAZZ,**
**JACQUELINE MASON,**
a/k/a "Carolyn James,"
**DAMIEN HALL,**
a/k/a "Damian Hall," a/k/a "Cory James," and
**DAVID HALL,**
a/k/a "Carl James,"

Defendants.

**INDICTMENT**

08 Cr. ___

21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), 843(a)(3), and 846; 18 U.S.C. § 2; 42 U.S.C. § 408(a)(7)(B)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.